580 P.2d 763

**Paul E. NOGA, Appellant,**

v.

**Lorna R. NOGA aka Lorna R. Brennan, Appellee.**

**No. 2 CA–CIV 2752.**

Court of Appeals of Arizona, Division 2.

April 11, 1978.

Rehearing Denied May 10, 1978.

Review Denied June 13, 1978.

Robert Morrison, Sierra Vista, for appellant.

Robert J. Snyder, Jr., Sierra Vista, for appellee.

## OPINION

RICHMOND, Chief Judge.

This appeal involves the interpretation of an Illinois divorce decree providing that appellant's obligation to pay appellee $100 per month as alimony "shall abate in the event [appellee] is hospitalized in a public institution because of her alcoholic condition." The Illinois decree was entered April 2, 1973. In November 1974 she was confined several days in Cochise County Hospital for treatment of alcohol withdrawal reaction. After learning of her hospitalization, appellant in April 1976 stopped making alimony payments.

The matter was presented to the trial court in garnishment proceedings on stipulated facts. The court entered judgment in favor of appellee in the amount of unpaid alimony payments through the month prior to judgment, with the issue of attorney's fees to abide determination of this appeal.

Appellant contends the trial court wrongfully refused to give full faith and credit to the Illinois judgment in violation of the constitutions of the United States and the State of Arizona. We find it unnecessary to address that question, because we find the Arizona judgment not inconsistent with the Illinois decree.

Appellant assumes that the word "abate" in the divorce decree can only be interpreted to mean "to put an end to" or "to nullify." While that definition has been employed in cases dealing with abatement of a civil action, it is not exclusive, and is incompatible with the facts before us. An alternative definition is "to decrease in amount or value." See Webster's Third New International Dictionary, 1971. We think it reasonable to infer under the circumstances that the Illinois court intended that alimony be decreased by omitting payments for such periods of time as appellee was confined to a public hospital for treatment of alcoholism and, therefore, presumably being maintained at public expense. Our interpretation is supported by the omission of any similar provision in the event she were hospitalized in a private institution, where her need for continuing support would not similarly be diminished.

We readily admit our preference for any interpretation other than the one advanced by appellant, which would require appellee to elect between no treatment in a public institution and no further alimony payments.

The Illinois decree was entered "in favor of [appellant] and against [appellee]." The Illinois divorce statute has been construed to allow alimony to an erring wife only where all the facts and circumstances warrant the court in doing so to prevent the imposition of an unjustifiable hardship.

**304**

*Fox v. Fox,* 9 Ill.2d 509, 138 N.E.2d 547 (1956). It may be inferred, therefore, that the award of alimony in the 1973 decree was made for such purpose, and it goes without saying that the need for hospitalization and treatment in a public institution would increase rather than diminish the possibility of such hardship upon appellee's release from the institution.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.